In the Matter of the Construction of the Will of
ASHER B. HALLOCK, Deceased.

Surrogate's Court, Suffolk County, April 4, 1955.

*David H. Gilmartin* for Fred A. Giloth, petitioner.

*Syrena H. Stackpole* for Frank D. Hallock, respondent.

HAZLETON, S. In this will construction proceeding, the Appellate Division has rendered a determination construing the disposition made in the will of a portion of the principal of a trust after the death of the life beneficiary. Paragraph Seventh of the will provided that the sum of $1,000 of said principal be paid to a niece of decedent after the death of the life beneficiary, decedent's wife. Said niece predeceased the wife and the question presented for determination was whether or not the payment directed to be made to the niece indefeasibly vested in her when testator died. This question was answered by the Appellate Division in the affirmative, and the proceeding has been remitted to this court for determination of allowances, costs and interest.

An appeal taken to the Court of Appeals from the determination of the Appellate Division has been dismissed on the ground that the order appealed from does not finally determine the proceeding, since the amount of interest to be allowed on said sum of $1,000 requires disposition by the Surrogate.

Section 218 of the Surrogate's Court Act authorizes the court to direct payment of interest on a legacy at the rate of 3% per annum in the absence of a specific rate fixed in the will, and if delay in payment of the legacy be found unreasonable, at the legal rate for the period of such delay.

The provision for payment of said sum of $1,000 matured upon the death of the life beneficiary which occurred on June 2, 1952. Interest is hereby allowed on said sum at the rate of 3% per annum to be computed from June 2, 1952.

This court finds that there has been no such unreasonable delay as to require the payment of a higher rate of interest. It appears that the executor of the estate of the deceased niece was not appointed until April, 1953. In May, 1953, this proceeding was instituted. Since that time the matter has been in litigation both in this and the appellate courts. Pending a final determination of the rightful recipient of the money, the reluctance of the trustee to make payment is understandable.

It would appear from what has transpired on the appeal to the Court of Appeals that further appellate action may be anticipated. In view thereof, the determination of allowances and costs will still be reserved for a supplemental decree to be entered after the time to appeal has expired, or, if an appeal be taken, after final determination of the appeal.

Submit decree accordingly on notice.